[Dkt. No. 814]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 14-699 (RMB) |
| v. | |
| TALIB TILLER | **OPINION** |

This matter comes before the Court upon Defendant's Motion for Early Termination of Supervised Release, filed October 18, 2021. [Docket No. 814]. Having reviewed the submissions and the Government's response [Docket No. 824], the Court shall deny Defendant's motion for the reasons stated below.

On September 5, 2017, Tiller was sentenced to 57 months' imprisonment for his role in in a long-running drug trafficking conspiracy with his brother, Tozine Tiller, and others. Specifically, Talib Tiller pled guilty to Count 1 of the Indictment, which charged him with participating in a drug-trafficking conspiracy, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in violation of 21 U.S.C. § 846. By operation of the "safety valve" provision pursuant to U.S.S.G. § 5C1.2, Talib Tiller was sentenced below the otherwise applicable 10 year statutory mandatory minimum sentence. As part of this conspiracy, Talib Tiller, acting at the direction of Tozine Tiller, distributed substantial quantities of cocaine and crack cocaine over a period of years, including three sales of crack cocaine to a confidential informant. He also rented a house, which was used as a stash house by him and his co-conspirators.

On March 10, 2020, Talib Tiller commenced his three year term of supervision, which is scheduled to terminate on or about March 9, 2023. The Defendant alleges that his compliance with the terms of his supervised release, his gainful employment ("three jobs"), and that he "gave back to the community, by voluntarily feeding the homeless" while at the half-way house favor early termination. In response, the Government contends that early termination is not warranted particularly due to the serious nature and circumstances of Defendant's underlying offenses.

A term of supervised release may be terminated by the Court following the expiration of one year of supervised release. 18 U.S.C. § 3583(e). Such a termination may occur only after a consideration of the factors set forth in 18 U.S.C. § 3553(a) if the Court is satisfied that such an action is warranted by the conduct of the defendant and is in the interest of justice. *Id.* The required factors for consideration are:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
> > . . .
> >
> > **(B)** to afford adequate deterrence to criminal conduct;
> >
> > **(C)** to protect the public from further crimes of the defendant; and
> >
> > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > . . .
>
> **(4)** the kinds of sentence and the sentencing range established for—
>
> > **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

   **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

   **(ii)** that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

 **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement—

 **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

 **(B)** that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Importantly, these factors include a consideration of the nature and circumstances of the offense, as well as the need for the sentence to reflect the severity of the offense, promote adequate deterrence, and protect public safety. 18 U.S.C. § 3553(a). In the *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit held that the District Court "enjoys

3

discretion to consider a wide range of circumstances when determining whether to grant early termination," including any new circumstances which may have arisen since sentencing occurred. *Id.* at 52 (citing *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). In assessing the relevant factors pursuant to 18 U.S.C. § 3553(a), it is sufficient for the Court to make a statement that such factors have been considered, and no specific findings of fact with respect to each factor is required. *Id.* at 52–53 (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

While the Court commends the Defendant's success following his incarceration, the Court's consideration of all of the factors set forth in 18 U.S.C. § 3553(a) establishes early termination of Defendant's remaining federal supervised release is not warranted. The Court focuses primarily on an evaluation of the Defendant's underlying offense, deterrence and public safety concerns, per 18 U.S.C. § 3553(a)(2).  With respect to the seriousness of Defendant's underlying offenses, Defendant participated in a large scale drug trafficking enterprise for a lengthy period of time, almost five years.  Defendant used as part of his drug base customers from his job.

Due to the seriousness of Defendant's engagement in this organized criminal activity, early termination is inconsistent with the § 3553(a) factors. 18 U.S.C. § 3553(a). Accordingly, in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice.  The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).

For these reasons, the Court shall deny the defendant's motion for early termination of supervised release. An accompanying Order as of today's date shall issue.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Date: April 20, 2022